# BCR
## BERLINER CORCORAN & ROWE LLP

June 15, 2026

**<u>FILED VIA ECF</u>**
Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals
for the Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA 30303

     RE:   *Adidas, AG v. Localityi.com*, No. 25-12597

Dear Mr. Smith:

     The Website Owners submit this Notice of Supplemental Authority to bring to the Court's attention *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 U.S. App. LEXIS 15376 (7th Cir. May 29, 2026), a decision that bears directly on several issues on appeal here.

     *Kangol* was, like this case, a Schedule A case against certain defendants located in China and involved questions of waiver, timeliness of a Rule 60(b)(4) motion to vacate, and service by email under the Hague Convention. Relevant here, *Kangol* held:

1. By failing to raise the issue below, Kangol (plaintiff-appellee) forfeited its argument that Hangzhou (appellant-defendant) waived its objection to improper service by waiting ten months after entry of default judgment to raise it. *Id.* at *5. In any event, Hangzhou did not waive its objection where it engaged only in preliminary pretrial activities, namely settlement discussions. *Id.* at *6. (*Accord* Website Owners Reply Br. at 15-21).

2. Hangzhou's motion to vacate – which was filed shortly after learning of enforcement efforts – was not untimely under *Coney Island Auto Parts Unlimited, Inc. v. Burton Trustee for Vista-Pro Automotive, LLC,* 607 U.S. 155 (2026). *See Kangol*, 2026 U.S. App. LEXIS 15376, at *6-7. (*Accord* Website Owners Response Letter of 1/27/26).

3. The district court must resolve on remand whether the Hague Convention applies by considering whether Kangol conducted reasonably diligent

BERLINER CORCORAN & ROWE LLP

efforts to determine Hangzhou's address in China. *See Kangol*, 2026 U.S. App. LEXIS 15376, at *12. (*Accord* Website Owners Reply Br. at 8-13).

4. Where it applies, the Hague Convention does not permit service by email in China. *See Kangol*, 2026 U.S. App. LEXIS 15376, at *13-17. Accordingly, service by email in China violates both the Convention and Federal Rule of Civil Procedure 4(f)(3). *Id.* (citing *inter alia Smart Study Co. v. Shenzhenshixindajixieyouxian-gongsi,* 164 F.4th 164 (2d Cir. 2025), and *SEC v. Lahr*, 2024 U.S. App. LEXIS 18170 (3d Cir. July 24, 2024. (*Accord* Website Owners Br. at 13-28; Website Owners Reply Br. at 2-7).

Respectfully submitted,

Laina Lopez
*Counsel of Record for Website Owners*

cc:    All Counsel of Record
       Via ECF.