Office Address
2244 Green Hedges Way, Suite 101
Wesley Chapel, Florida 33544
Mailing Address
PO Box 48323
Tampa, Florida 33646
www.ip-appeals.com
Phone: 813-778-5161
Fax: 813-907-3712

**DPW Legal**

Intellectual
Property &
Appeals

**Dineen Pashoukos Wasylik**
*Board Certified in
Intellectual Property Law &
Appellate Practice*
dineen@ip-appeals.com

June 16, 2026

**By PACER Filing**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: **NOTICE OF SUPPLEMENTAL AUTHORITY**
**adidas, AG v. Localityi.com, No. 25-12597-H**

Dear Clerk Smith:

Pursuant to FRAP 28(j), Appellees adidas, AG et al. submit this notice to briefly respond to Appellant's Supplemental Authority Letter dated June 15, 2026 [DE 38] addressing *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.,* ___ F.4th ___, No. 25-2205, 2026 WK 1502198, 2026 U.S. App. LEXIS 15376 (7th Cir. May 29, 2026).

First, *Kangol* supports adidas' position because the Court held that where the address of the defendant is unknown, the Hague Convention does not apply, rendering any further analysis of the details of the convention unnecessary. *Id.*at *8. In *Kangol,* there was a factual dispute as to whether the Plaintiff made reasonable efforts to determine whether the defendant's

*Helping Businesses Protect Everything They Work So Hard to Create*



June 16, 2026
Page 2

address was known, but here, Appellants never raised the issue of the applicability of the Hague Convention before the trial court or in their primary brief. See DE 16 at 149-175; DE 15; DE 26 at 54. Thus, Appellants waived any challenge to the reasonableness of the efforts to determine their address.

Second, the *Kangol* court's discussion of whether Hangzhou's motion to set aside the judgment was made within a reasonable time is not relevant in this case, because here Appellants *appeared in court through counsel prior to the entry of default judgment* and its counsel made no efforts to prevent entry of default judgment. By contrast, in *Kangol* it is was clear that "[d]espite this awareness of the lawsuit, Hangzhou never appeared before the district court." *Kangol* at *3. For all of the reasons set forth in Appellees' Brief [DE 26] at 54-60, Appellants could not reasonably rely on purported settlement discussions without a written agreement to make their delay in seeking relief from judgment reasonable.

Respectfully submitted,

Dineen Pashoukos Wasylik

Dineen Pashoukos Wasylik

cc:    All Counsel of Record
       via ECF